THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INLAND CONSTRUCTION AND
ENGINEERING, INC.

    Plaintiff,

v.                                             CASE NO.:

HARTFORD FIRE INSURANCE
COMPANY.

    Defendant.
_____/

## COMPLAINT

Plaintiff Inland Construction and Engineering, Inc. ("Inland") sues Defendant Hartford Fire Insurance Company ("Hartford"), and alleges:

### JURISDICTION, PARTIES AND VENUE

1. This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and attorneys' fees.

2. Inland is a corporation incorporated under the laws of the state of Florida with its principal place of business in Florida.

3. Hartford is a corporation incorporated under the laws of the state of Connecticut with its principal place of business in Connecticut.

4. The construction project which is the subject of this action is located in Orange County, Florida. All acts, omissions and other allegations occurred in Orange County, Florida and venue for this action is proper pursuant to 28 U.S.C. §

1391 (b)(2) because the substantial part of the events or omissions giving rise to the claims occurred in Orange County which is in the Middle District of Florida.

## GENERAL ALLEGATIONS

5. On June 22, 2018, Inland contracted with Hensel Phelps Construction Co. (the "Contractor") to construct South Terminal C, Phase 1 (the "Contract") located at the Orlando International Airport (the "Project"). The Project is being performed for the Greater Orlando Aviation Authority (the "Owner").

6. On or about August 13, 2018, Inland subcontracted the roofing portion of the project to One Source Roofing, Inc. ("OSR") for $2,970,000 (the "Subcontract"). Exhibit A.

7. Addendum A.1 to the Subcontract (pages 22-24 of Exhibit A) allotted $2,500,000.00 for materials. As set forth in the Addendum, the parties agreed that if this amount was overrun, any excess costs would be the responsibility of OSR. Conversely, if the amount allocated for maintenance was under run, the difference would be credited back to OSR.

8. The Subcontract also required OSR to furnish Payment and Performance Bonds guaranteeing the completion of the work and the payment of all claimants who performed worked on the Project. Hartford furnished Performance Bond Number 21BCSHI4276 to OSR, naming Inland as the Owner/Obligee. (the "Bond"). Exhibit B.

9. During the Project, disputes arose between the parties regarding maintaining the Project schedule, material overruns, the need for Inland to supplement OSR's labor, and OSR submitting inflated pay applications.

10. On November 10, 2020, OSR walked off the Project and abandoned its work.

11. OSR breached the Contract by, among other things, (i) failing to maintain the Project schedule, (ii) performing work that failed to meet the requirements of the Contract and Subcontract, and (iii) overbilling for work performed.

12. All conditions precedent to bringing this action and obtaining the requested relief have been performed or have been waived by the Defendant.

## CAUSE OF ACTION

13. On October 20, 2020, Inland notified Hartford of OSR's breaches of the Contract by furnishing its "Notice of Intent to File Claim of Contractor Default." Exhibit C.

14. Hartford breached its obligations under the Bond by failing to remedy OSR's breaches of the Subcontract.

15. As a result of both Hartford's actions and inactions, Inland has incurred substantial damages including, but not limited to, the cost of remedying OSR's defective work, the cost of completing OSR's work, extended jobsite and home

office overhead, additional labor and material costs, lost profits, investigative costs and additional bond premiums.

16.  Inland has retained the undersigned attorneys to represent it in this matter and has agreed to pay them a reasonable fee. Inland is entitled to recover from Hartford its reasonable attorneys' fees, costs and expenses pursuant to Section 627.428 and 627.756 of the Florida Statutes.

WHEREFORE, Inland Construction and Engineering, Inc. demands judgment against Hartford Fire Insurance Company for damages, interest, costs, attorneys' fees and any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Inland demands a trial by jury on all issues so triable.

By: _____
Benjamin C. Patton, Esq.
Florida Bar No. 121890
bpatton@mcraemetcalf.com
W. Chase Carpenter
Florida Bar No. 85768
ccarpenter@mcraemetcalf.com
**Trial Counsel**

MCRAE & METCALF, P.A.
2612 Centennial Place
Tallahassee, Florida 32308
Tel: (850) 386-8000
Fax: (850) 386-8342

Attorneys for Inland Construction and Engineering, Inc.